Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1539 | **DATE** | 10/25/2000 |
| **CASE TITLE** | Peaceful Family, et al. vs. Van Hedge Fund, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 11/9/00 at 09:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion by defendants Thomas J. Dwyer & Assoc. and Thomas J. Dwyer, and adopted by defendant Matthew Wayne, for partial summary judgment [155] is granted. Status hearing is set for 9:30 A.M. on November 9, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| ✓ | Notified counsel by telephone. | OCT 26 2000 date docketed | 168 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | |
| RJ | courtroom deputy's initials | 00 OCT 25 PM 3: 25 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEACEFUL FAMILY LIMITED )
PARTNERSHIP, et al. )
                Plaintiffs, ) Case No. 98 C 1539
   v. )
)
VAN HEDGE FUND ADVISORS, INC., et al. ) Judge Joan B. Gottschall
)
                Defendants. )

DOCKETED
OCT 2 6 2000

## MEMORANDUM OPINION AND ORDER

The plaintiffs have asserted claims for negligent misrepresentation, professional negligence (attorney malpractice), and breach of fiduciary duty against defendants Thomas J. Dwyer & Associates and Thomas J. Dwyer (the Dwyer defendants) and defendant Matthew Wayne. The Dwyer defendants have moved for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Defendant Wayne has adopted the Dwyer defendants' motion. For the reasons set forth below, the defendants' motion is granted.

### Background

Plaintiffs are investors dissatisfied with the results of their investments in a hedge fund. The plaintiffs allege that they invested in the Theta Group hedge fund after relying on material misrepresentations about the Group and its managers. Theta Group's value subsequently declined by approximately 70%. The plaintiffs have brought several claims against a number of different defendants, including claims of negligent misrepresentation, attorney malpractice, and breach of fiduciary duty against the Dwyer defendants and Wayne. Plaintiffs allege that the Dwyer defendants and Wayne provided legal representation and advice to the Theta Group and

that the attorney-client relationship between the defendants and Theta Group was entered into primarily for the benefit of the Theta Group investors, including plaintiffs. Plaintiffs assert that defendants owed them a duty as intended third-party beneficiaries of that relationship, and that the defendants negligently breached that duty by not disclosing material facts and by making misreprepresentations about the Group to the plaintiffs. These material facts include, inter alia, that one of the managers of the Group was prohibited from trading on the Chicago Board Options Exchange, thus making him unable to manage the Group. The plaintiffs allege that defendant Wayne owed a duty to plaintiffs to include this material fact in the solicitation materials that he drafted and that were sent to potential investors. In addition, the plaintiffs allege that the Dwyer defendants negligently and improperly drafted the Group's Operating Agreement by creating a separate trading group entity (Theta Trading, Inc.) as a manager of the group, contradicting the solicitation materials, which state that only two individuals would manage the Group. The defendants have moved for partial summary judgment, arguing that the plaintiffs will not be able to establish the standard of care that defendants owed plaintiffs without expert testimony. To this point, the plaintiffs have not offered expert testimony, and on July 21, 2000, Magistrate Judge Sidney I. Schenkier granted defendants' motions to bar any subsequent expert disclosures. The plaintiffs have indicated that they intend to proceed on these claims without an expert. For the reasons set forth below, the defendants' motion for partial summary judgment is granted.

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court must view the record and any inferences to be drawn from it in the light most favorable to the party opposing summary judgment. *See Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir. 1991). The party opposing summary judgment may not rest upon the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine issue for trial unless there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id.* The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Defendants argue that, even taking the facts in the light most favorable to the plaintiffs, they will not be able to establish the standard of care owed by the defendants because they have no expert testimony to offer. The general rule under Illinois law is that expert testimony is required in legal malpractice cases to establish the standard of care and defendant's breach of that standard. *See Barth v. Reagan*, 564 N.E.2d 1196, 1199 (Ill. 1990). Plaintiffs respond by arguing that this case falls within an exception to the general rule. They correctly note that "where the common knowledge or experience of lay persons is extensive enough to recognize or infer negligence from the facts, or where an attorney's negligence is so grossly apparent that a lay person would have no difficulty in appraising it, expert testimony as to the applicable standard of care is not required." *Id.* at 407-08. The plaintiffs' only substantive support for the contention that this case falls into this well-recognized exception[1] is an assertion that "defedants failed to

---

[1] The plaintiffs assert that there are two independent exceptions, the "common knowledge" exception and the "grossly apparent negligence" exception. The Illinois cases, however, do not refer to two separate exceptions, but rather apply a single standard to determine

3

disclose material, relevant facts that lawyers always disclose to their clients." *See* Opposit. to Mtn. for Summ. J. at 4.

Plaintiffs grossly oversimplify the nature of this case. Even when viewing the record in the light most favorable to the plaintiffs, there is no question that this case does not fall within the "common knowledge" exception. Most telling is that the plaintiff-investors were never clients of the defendants. The legal malpractice claim is based solely on the plaintiffs' alleged status as third-party beneficiaries of the attorney-client relationships between the defendants and Theta Group. *See* Amended Counts of Amend. Compl. at 3. No layperson would easily be able to discern what level of care was required of an attorney in dealings with third-party beneficiaries of their attorney-client relationships. Furthermore, the type of misrepresentations at issue preclude a finding that the case fits within the "common knowledge" exception. The typical layperson would not know what disclosures would be required in solicitation materials for an investment group.

The Illinois cases interpreting the "common knowledge" exception support this conlusion. The few cases applying the exception are examples of gross and obvious negligence, usually involving failure to meet clear time deadlines. For example, in *House v. Maddox*, 360 N.E.2d 580, 584 (Ill. App. Ct. 1977), the court applied the "common knowledge" exception where the defendant-attorney had failed to file a claim within the applicable statute of limitations period. Other cases involve similarly obvious negligence. *See Gray v. Hallett*, 525 N.E.2d 89, 91 (Ill. App. Ct. 1988) (failure to obtain service of process within limitations period); *Sorenson v.*

---

whether a case fits within the exception. *See, e.g., Barth*, 564 N.E.2d at 1200 (referring to "this 'common knowledge' exception").

*Fio Rito*, 413 N.E.2d 47, 53 (Ill. App. Ct. 1980) (failure to timely file inheritance and estate tax forms).

In contrast, where the issues are more complicated, Illinois courts are hesitant to apply the exception. In *Barth*, the defendant-attorney represented both a husband and his wife in real estate investment matters. The defendant failed to communicate directly with the plaintiff (the wife) regarding foreclosure proceedings on their property. Instead, the defendant communicated through plaintiff's husband, who hid the communications from her. *See Barth*, 564 N.E.2d at 1197-99. Plaintiff argued that the lack of communication was gross and obvious negligence, and that no expert testimony was required to prove that defendant breached his duty to her. The court found the applicable standard of care "not as obvious" as the plaintiff had asserted, and found that the defendant's negligence was not "so grossly apparent that a lay person would have no difficulty recognizing it." *See id.* at 1200-02 (distinguishing the time deadline cases).

Unlike the failure to meet a clear time deadline, the failure to make disclosures to third-party beneficiaries, as potential investors in an investment group, is beyond the common knowledge of laypersons. As in *Barth*, the standard of care that defendants owed to the plaintiffs must be established by an expert. Since the plaintiffs do not have an expert to testify, and are now barred from disclosing any experts, summary judgment is appropriate for defendants on the legal malpractice claim. *See Schmidt v. Hinshaw, Culbertson, Moelmann, Hoban & Fuller*, 394 N.E. 2d 559, 564-65 (Ill. App. Ct. 1979).

Plaintiffs' claims for negligent misrepresentation and breach of fiduciary duty are based upon the same alleged misrepresentations and failures to disclose information by the defendant-attorneys that the malpractice claim is based upon. As a result, the professional duties that

5

defendants owed plaintiffs, arising out of the attorney-client relationship between defendants and Theta Group, will govern these tort claims as well. Since the plaintiffs cannot establish the defendants' duties and breach of those duties without expert testimony, the claims for negligent misrepresentation and breach of fiduciary duty also fail. *See generally Astor Chauffeured Limousine Co. v. Runnfeldt Investment Corp.*, No. 87 C 0299, 1998 WL 101267 at * 6 (N.D. Ill. Sept. 23, 1998) (noting that claims against an attorney for negligent misrepresentations made as an attorney and legal malpractice are so similar that it is questionable whether they are even distinct torts when they are based on the same misrepresentations, and holding that where there is no duty of care for legal malpractice claim, it follows that there is no duty of care for negligent misrepresentation). Therefore, summary judgment is appropriate on plaintiff's claims for negligent misrepresentation and breach of fiduciary duty.

Finally, the plaintiffs raise a fairness issue in response to defendants' motion. Plaintiffs argue that, because defendants did not mention the "common knowledge" exception in their initial memorandum in support of their motion, the plaintiffs were left with "no idea as to why defendants might believe plaintiffs' cases fall outside" the exception. *See* Opposit. to Mtn. for Summ. J. at 3. Further, the plaintiffs anticipated a reply that would make "new arguments" about the exception, and argued that such a reply should be barred as "wholly unfair" and "tantatmount to 'motion by ambush.'" *See id.* It is common sense, however, that defendants should not have the burden of establishing, in a motion for summary judgment, that the plaintiff's case falls outside of every recognized exception to a general rule, no matter how narrow the exception might be. Further, plaintiffs had every opportunity to argue that the case fell within the "common knowledge" exception. In fact, plaintiffs made that argument by asserting that the case

involved the nondisclosure of material facts that "lawyers always disclose to their clients." *See id.* at 4. There is no reason that plaintiffs could not have supported that assertion with citations to the record or to relevant case law. Furthermore, after the defendants filed their reply briefs making arguments about the exception, the plaintiffs did not move this court for leave to file a sur-reply brief to respond to defendants' arguments, as would have been appropriate had they been truly surprised by new and unexpected arguments in a reply brief. The court sees no unfairness in granting summary judgment under these circumstances.

## Conclusion

For the foregoing reasons, the Dwyer defendants' motion for partial summary judgment, joined by defendant Wayne, is granted.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: October 25, 2000